## Commonwealth v. Jansen

*S. F. Bonavita*, for Commonwealth.

*C. Henry Nicholson*, for defendant.

FLICK, P. J., December 29, 1965.—Before the court is the application of Herman R. Jansen, Jr., to quash the indictment charging him with malicious destruction of, and injury to, personal property believed to have a value in excess of $50, or in lieu thereof to hold an inquiry to ascertain the amount of damage and

make such order as is appropriate. A rule was granted on the petition and a hearing held, at which defendant was represented by counsel. The court heard testimony by witnesses called by the Commonwealth and by witnesses called by defendant, and certain exhibits were placed in evidence. At the close of the testimony, oral arguments were made, and it was then announced from the bench that the record would be transcribed and a date set for further argument prior to decision. After a review of the matter, the court decided that a transcript and further argument were unnecessary for a ruling on the issue raised by defendant's application; therefore, a decision will now be made. This should not disturb the district attorney, as he expressed regret over further delay in the matter. Defendant cannot be concerned over the lack of a transcript, because the issue is decided pursuant to the testimony of his witnesses, and in his favor.

## History of the Case

On June 12, 1965, Donell E. Allen, Sheriff of Warren County, swore to a criminal complaint before Raymond F. Gilmore, justice of the peace, charging that defendant "did unlawfully, wilfully and maliciously and wantonly injure and destroy a certain fence consisting of 14 metal fence posts and were located upon the property of, and being the property of, Westervelt V. Coombs, to the great damage of the said Westervelt V. Coombs. The exact value of the said damage is unknown to your complainant but is believed to be in excess of $50.00, all of which is against the peace and dignity of the Commonwealth of Pennsylvania".

A summons was mailed to defendant notifying him to appear before the justice, and he appeared on June 29, 1965, represented by counsel, at which time a hearing was held.

The evidence showed that defendant damaged a fence erected by Mr. Westervelt V. Coombs on his

property, consisting of metal fence posts and wire strung thereon. Fourteen posts were broken off or bent over and the wire tangled. Defendant admitted that he knocked down the fence with his vehicle, but stated that he was following instructions by his attorney to destroy the fence if it obstructed the adjacent roadway. From the evidence, the justice found that the apparent damage to the fence would exceed $50 for material and labor, and defendant was bound over to the court of quarter sessions, defendant being released on bail.

On August 2, 1965, an indictment charging defendant with commission of the offense as recited in the criminal complaint was approved by the grand jury. On August 11, 1965, the application now before the court was filed with a rule granted for hearing, held as set forth above.

Defendant claims that the value of the property which he destroyed is less than $50, and that under the Act of June 24, 1939, P. L. 872, as added November 19, 1959, P. L. 1542, sec. 1, 18 PS §4916.1, the offense with which he is charged is a summary offense that should have been heard and decided by the justice of the peace. The act provides as follows:

Section 916.1. "Whoever shall wilfully and maliciously destroy, damage, or injure any article or item of real or personal property of another of a value in excess of fifty dollars ($50) is guilty of a misdemeanor, and upon conviction thereof, shall be sentenced to pay a fine not exceeding three hundred dollars ($300) or undergo imprisonment for a period not exceeding twelve (12) months, or both. For offenses involving personal property of a value less than fifty dollars ($50), the offender shall, upon summary conviction thereof, be sentenced to pay a fine not exceeding one hundred dollars ($100) and costs of prosecution, and

in default of the payment thereof, shall undergo imprisonment not exceeding three (3) months".

Mr. Coombs testified as a witness for the Commonwealth. His testimony indicated that it had cost him more than $50 to erect the fence, considering the cost of the metal fence posts and the wire, the cost of transporting said material to the site, the cost of determining the location of the fence and of each fence post, and the time which it took him and his son to drive the iron posts into the ground and to string the wire upon the posts. However, four reputable persons, all of whom were acquainted with the fence in question and had erected or helped to erect similar fences, testified as to what they would charge to furnish the necessary fence posts and wire and to reconstruct the damaged portion of Mr. Coombs' fence. The estimates given by these witnesses for rebuilding the 14-post section of the fence, including material, and with the new posts erected where the old posts stood, are as follows: Harry M. King, Jr., building contractor, $25; Walter A. Smith, $26.50; G. Mead, $28.50; Robert L. Wenzel, $27.54.

In the court's opinion, replacement cost fairly represents the value of the damaged portion of the fence. Cost of construction is a less accurate method of determining value, because it could well include a survey and location of the situs of each fence post on the ground. Therefore, on the evidence, the court must find that defendant damaged property of a value less than $50. Under the statute, he did not commit a misdemeanor, but only a summary offense. He should not have been bound over to the court of quarter sessions and indicted by a grand jury, but the matter should have been tried before the justice of the peace and decided by the justice of the peace. Therefore, defendant's application to quash the indictment will be granted, and the matter remanded to Raymond F. Gilmore,

justice of the peace, and the charge against defendant shall be dealt with as a summary offense.

Wherefore, the court makes the following order:

AND NOW, December 29, 1965, for the reasons stated in the foregoing opinion, it is hereby;

ORDERED, that the application of Herman R. Jansen, Jr., to quash the indictment against him for destruction or injury to 14 metal fence posts and the wire thereon, said fence being constructed and owned by Westervelt V. Coombs, is granted and said indictment at no. 68, August sessions, 1965, is quashed; and it is further

ORDERED, that the offense with which defendant is charged by virtue of the criminal complaint filed before Raymond F. Gilmore, justice of the peace, is a summary offense, and the matter is remanded to said justice of the peace in order that the prosecution instituted by said criminal complaint may be disposed of as a summary offense. All costs in the court of quarter sessions are to be paid by Warren County.